## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br>100 F Street, N.E.<br>Washington, D.C. 20549 | : : : : : | |
| Plaintiff, | : : | Case No. 09-CV-_____ |
| v. | : : | |
| STEVEN R. CHAMBERLAIN,<br>ELAINE M. BROWN, and<br>GARY A. PRINCE,<br>Defendants. | : : : : : : | |

## COMPLAINT

Plaintiff, the United States Securities and Exchange Commission ("Commission"), alleges as follows:

### SUMMARY OF ALLEGATIONS

1.       For over seven years, from approximately December 1998 through August 2006, the defendants, former senior management of Integral Systems Inc. ("Integral Systems"), improperly and fraudulently concealed the role and involvement in the company of a *de facto* Integral Systems executive officer who was criminally convicted for securities fraud, subject to a permanent injunction against violating the federal securities laws, and had been permanently denied the privilege of practicing before the Commission as an accountant.

2.       Defendant Gary A. Prince ("Prince") was hired in 1982 by the Chief Executive Officer of Integral Systems, defendant Steven R. Chamberlain ("Chamberlain"), to perform part-time accounting services for the company. Prince eventually became Integral Systems's Chief Financial Officer ("CFO") in 1992. Shortly thereafter, due to Prince's participation in a securities

fraud at another company, Prince was permanently enjoined from violating the federal securities laws, and subsequently criminally convicted of conspiracy to commit securities and bank fraud and making false statements to the Commission. In 1995, Prince resigned his position as Integral Systems's CFO.

3.      Despite his problematic legal background, in 1998 defendant Chamberlain rehired defendant Prince to work at Integral Systems. Although Prince was not a titled officer of Integral Systems, he was given other titles and substantial responsibility and authority in conducting the company's management, strategic planning, policy making, and financial reporting functions. Prince was an executive officer of Integral Systems in all but the title, and received compensation that placed him among the highest compensated individuals at the company.

4.      Among his other duties, defendant Prince was responsible for managing the companies Integral Systems acquired as subsidiaries. Prince was a close advisor to CEO Chamberlain and a member of an internal senior management policy-setting group. Prince reported directly to CEO Chamberlain, like other executive officers, and was listed at the "executive vice president" level on the company's internal organizational charts. Prince attended company board of director meetings, where he, along with CEO Chamberlain and the new CFO, defendant Elaine M. Brown ("Brown"), were the only Integral Systems employees to give regular board presentations.

5.      In 1997, pursuant to Prince's Offer of Settlement, the Commission issued an Order permanently denying Prince the privilege of appearing or practicing before the Commission as an accountant (the "1997 Order"). Despite the existence of the 1997 Order, Prince was significantly involved in Integral Systems's accounting and in the preparation and review of its periodic reports filed with the Commission.

2

6.    For the benefit and protection of the investing public, the federal securities laws and regulations mandate the disclosure of specific information by public companies in their annual reports and proxy statements. Among other things, public companies are required to identify their executive officers and significant employees and disclose their business experience and significant legal history, including certain criminal convictions and injunctive orders. A person who acts as an executive officer, even if he has not been given such a title, is defined as an executive officer under the securities laws and regulations. These laws and regulations also require public companies to disclose the compensation of their highest-paid executive officers.

7.    After he was rehired in 1998, Prince functioned as an executive officer at Integral Systems, and was often among the highest-compensated individuals at the company. Despite these facts, and even though Integral Systems filed numerous annual reports and proxy statements with the Commission between December 1999 and March 2006, none of those filings identified Prince, nor did they disclose his role at the company, his business experience, his significant legal history, or his compensation. All defendants reviewed the annual reports and proxy statements, and defendants Chamberlain and/or Brown signed the annual reports, knowing, or reckless in not knowing, that these filings omitted this material information.

8.    For the benefit and protection of the investing public, the federal securities laws require officers of public companies to promptly and timely report their holdings and transactions in their employer's securities. Although Prince received securities from Integral Systems as early as 2000, he failed to file the required reports concerning his holdings and transactions until August 2006, shortly before Integral Systems finally identified him as an executive officer.

3

9.      By engaging in the conduct described herein and concealing the true scope of

defendant Prince's duties and authority at Integral Systems, all defendants violated the general

antifraud provisions of the federal securities laws and aided and abetted violations of the reporting

provisions of those laws.  Defendants Chamberlain and Brown further violated those laws by falsely

certifying Integral Systems's annual reports for fiscal years 2002 through 2005 that failed to identify

and make the required disclosures concerning defendant Prince.  Defendant Chamberlain violated,

and defendants Brown and Prince aided and abetted violations of, the proxy statement provisions of

the federal securities laws.  Defendant Prince also violated the federal securities laws requiring the

timely disclosure of his holdings and transactions in Integral Systems securities, and he violated the

Commission's 1997 Order.  Unless restrained and enjoined by this Court, all defendants will

continue to violate, and aid and abet violations of, these provisions of the federal securities laws.

10.     Through this action, the Commission respectfully requests that the Court, among

other things: (1) permanently enjoin each defendant from further violations of the federal securities

laws; (2) prohibit each defendant from serving as officers or directors of a public company; and (3)

order each defendant to pay civil monetary penalties.

## JURISDICTION AND VENUE

11.     The Commission brings this action pursuant to Section 20(b) and 20(c) of the

Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b), 77t(c)] and Sections 21(d) and 21(e)

of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e)].

12.     This Court has jurisdiction over this action pursuant to Sections 20(d)(1) and 22(a)

of the Securities Act [15 U.S.C. §§ 77t(d)(1), 77v(a)] and Sections 21(d)(3)(A), 21(e) and 27 of the

Exchange Act [15 U.S.C. §§ 78u(d)(3)(A), 78u(e) and 78aa].  The defendants, directly and

indirectly, used the means or instrumentalities of transportation, interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of conduct alleged in this Complaint.

13. Certain of the acts, transactions, practices and courses of conduct constituting the violations of law alleged in this Complaint, including the filing of false and misleading annual reports, proxy statements, and other documents with the Commission, occurred within this judicial district and, therefore, venue is proper pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa].

## DEFENDANTS

14. Chamberlain, age 53, founded Integral Systems in 1982 and was its Chairman and CEO until he resigned on April 21, 2006. Chamberlain resides in Columbia, Maryland.

15. Brown, age 45, was the CFO and Principal Accounting Officer at Integral Systems from 1995 until May 2007, when she resigned from those positions. Brown continued her employment with Integral Systems under the title "Vice President - Administration" until July 2, 2008, when she resigned. Brown has been licensed as a certified public accountant ("CPA") by the state of Maryland since June 2000. Brown resides in Columbia, Maryland.

16. Prince, age 54, was an officer of Integral Systems from 1982 through 1995, providing accounting services for the company on a part-time basis. From 1988 through July 1990, Prince was also the CFO of United Press International, and from August 1990 through June 1992, Prince was the Senior Vice President-Finance of Financial News Network. Prince became Integral System's CFO in 1992, resigning in 1995 after entering a guilty plea to criminal charges of conspiracy to commit securities and bank fraud and to making false statements to an agency of the

United States arising out of his participation in a securities fraud while an officer of Financial News Network. In 1994, Prince had been enjoined from violating the Exchange Act's general antifraud and lying-to-auditors provisions in a related civil action filed by the Commission. In 1997, the Commission permanently denied Prince the privilege of appearing or practicing before it as an accountant. Prince was rehired by defendant Chamberlain in 1998 and held various senior management positions at Integral Systems, and was given various non-officer titles, including: Director of Mergers and Acquisitions; Director of Strategic and Financial Planning; and Managing Director of Operations. Integral Systems terminated Prince on March 30, 2007. Prince held a Maryland license as a CPA until 1986. Prince resides in Bethesda, Maryland.

## RELEVANT ENTITY

17.     Integral Systems is a Maryland corporation headquartered in Columbia, Maryland. It makes and sells satellite ground systems, including satellite communications systems and commercial off-the-shelf software products for satellite command and control. Its stock is registered pursuant to Exchange Act Section 12(b) and trades on the NASDAQ Global Select Market.

## FACTS

### Defendant Prince Resigns as Integral Systems's CFO After Pleading Guilty to and Having Been Permanently Enjoined for Securities Fraud

18.     Defendant Chamberlain hired defendant Prince and appointed him a Director of Integral Systems in 1982. From that time until 1995, Prince performed accounting and other services for Integral Systems on a part-time basis, rising to become Vice President and CFO in 1992. Defendants Prince and Chamberlain became close colleagues at Integral Systems.

19.     Defendant Prince also provided accounting services to other public companies until approximately 1992. In his capacity as the Senior Vice President-Finance of Financial News Network, Prince participated in a securities fraud. Based on that conduct, on August 18, 1994, defendant Prince was permanently enjoined in an action brought by the Commission from violating the antifraud and lying-to-auditors provisions of the Exchange Act. *See SEC v. Bolen*, No. 93-cv-01331 (D. D.C.) (Final Judgment entered August 19, 1994). Based on the same conduct, in September 1995, Prince pleaded guilty and was convicted of conspiracy to commit securities and bank fraud and making false statements to the Commission. *See U.S. v. Prince*, No. 95-cr-00771 (C.D. Cal.) (Plea entered September 5, 1995).

### The Commission's 1997 Order Permanently Denies Prince the Privilege of Appearing or Practicing Before the Commission as an Accountant

20.     On June 24, 1997, in an administrative proceeding instituted pursuant to the Commission's Rules of Practice, the Commission issued the 1997 Order permanently denying defendant Prince the privilege of appearing or practicing before the Commission as an accountant. The 1997 Order was based on Prince's Offer of Settlement in that matter, and on the Commission's findings that Prince had been permanently enjoined for fraud in the *SEC v. Bolen* action. *See In the matter of Gary A. Prince, CPA*, Admin. Proceeding File No. 3-9338 (SEC June 24, 1997), 1997 SEC Lexis 1324.

### Chamberlain Rehires Prince as an Untitled Executive Officer in an Attempt to Conceal Prince's Criminal Conviction and Related Legal Problems

21.     For the purposes of the federal securities laws, an executive officer generally includes anyone who performs a policy making function similar to those performed by the company's president, vice presidents in charge of a principal business unit, division, or function.

22.     In 1998, after defendant Prince served his criminal sentence, defendant Chamberlain rehired Prince to work as a *de facto* executive officer of Integral Systems, giving him broad authority and responsibility within the company. Concerned about the potential adverse effect on the company's investors of disclosing Prince's legal background, Chamberlain was careful not to give Prince a title that would signal his executive officer status. Instead, Prince was given other titles, including "Director of Mergers and Acquisitions" and "Director of Strategic and Financial Planning."

23.     After he was rehired, Prince acted as an Integral Systems executive officer, exercising substantial authority and responsibilities. Defendant Prince became one of Chamberlain's closest advisors; among other things, Prince prepared recommendations to Chamberlain concerning annual salary increases and bonuses for all senior managers. Chamberlain included Prince in a policy-setting group of the most senior executive officers at Integral Systems, known at various times as the "Group of Six" (or "G-6") and "Group of Seven" (or "G-7"). By early 2002, all G-6 members except for Prince had titles of "Executive Vice President" or higher. Prince was the only member of this group without an official officer title from 1998 until Integral Systems finally identified him as an executive officer in August 2006.

24.     Like the Executive Vice Presidents in the "G-6" group, Prince reported directly to Chamberlain, appeared at the Executive Vice President level on internal organizational charts, and his office was located in the same area as titled company officers. Like titled company officers, defendant Prince received an indemnification agreement and a Change-in-Control agreement from Integral Systems.

8

25.     After his rehiring as a purported "non-officer," defendant Prince directed Integral

Systems's mergers and acquisitions program.  He evaluated potential acquisitions and worked with

outside lawyers and accountants to complete acquisition due diligence and close transactions.

When a company was acquired and became a subsidiary of Integral Systems, defendant Prince

oversaw the newly-acquired subsidiaries, and the head of the acquired company reported to Prince.

Prince made operational decisions for these subsidiaries, including decisions concerning

expenditures and the hiring and firing of personnel.  Prince was a Director of Integral Systems's

acquisition vehicle, ISI Merger Corporation, and was the Chairman of the Board of Newpoint

Technologies, Inc., an Integral Systems subsidiary.

26.     In August 2005, defendant Prince became head of Integral Systems's Contracts

Department, a responsibility that formerly belonged to the company's CFO, defendant Brown.  As

head of the Contracts Department, Prince reviewed major contracts, and Prince, along with CEO

Chamberlain, had the authority to approve major contracts for the company.  At this time, Prince,

along with CEO Chamberlain, also exercised the authority to approve major expenditures for

Integral Systems.

27.     Starting in at least 2000 and continuing through 2006, defendant Prince attended

Integral Systems's board of directors meetings and regularly gave board presentations, including

presentations involving potential acquisitions and the financial performance of the company's

previously-acquired subsidiaries, and less regular presentations on the company's financial

forecasts.  The only other Integral Systems employees who gave regular board presentations were

defendant Chamberlain and defendant Brown.

9

28.     Defendant Prince's compensation was equal to that of the top titled officers at
Integral Systems.  Prince was the fourth highest compensated employee in 1999 and 2000, and the
fifth highest compensated employee in 2001, 2004, and 2005.  In some years he was paid more than
other G-6 members, including the CFO.

29.     As a result of his duties and the scope of his authority after he was rehired, Prince
was required, like other officers of Integral Systems, to promptly and timely file reports with the
Commission concerning his ownership and transactions in the company's equity securities.  Like
titled Integral Systems officers, Prince received compensation in the form of stock options grants.
However, Prince failed to file any of these required disclosures from in or around December 1998
through in or around August 2006, when Integral Systems finally identified Prince as an executive
officer.

**Defendants Conceal Prince's Role at the
Company and Background from the Investing Public**

30.     Defendant Prince was the CFO of Integral Systems when he resigned in 1995 due to
the legal problems related to his participation in the Financial News Network securities fraud.  At
that time, Integral Systems made certain limited disclosures concerning his legal problems.  For
example, Integral Systems disclosed in a 1993 Form 8-K filed with the Commission that Prince had
been charged with securities fraud by the Commission, and subsequently disclosed in its fiscal year
1994 Form 10-KSB that he had settled those charges by consenting to be permanently enjoined
from future violations of the federal securities laws.  Although the company disclosed in a 1995
Form 10-Q that Prince had resigned his position as CFO "for personal reasons," but would continue
to serve as a consultant to the company, it did not make any disclosures concerning the criminal

charges brought against Prince later that year due to his involvement in the Financial News Network fraud, or his entry of a guilty plea to those charges.

31.     After Chamberlain rehired Prince in 1998, Integral Systems did not make any disclosures concerning Prince's status as an officer, compensation, or legal background until mid-2006. On August 8, 2006, Integral Systems finally filed a Form 8-K with the Commission identifying defendant Prince as an "Executive Vice President and Managing Director of Operations" for the company. That Form 8-K also disclosed, for the first time, Prince's criminal background.

32.     From 1999 through mid-2006, Integral Systems filed seven annual reports with the Commission on Forms 10-K or 10-KSB. Each of these annual reports was reviewed by each of the defendants; all of these annual reports were signed by defendant Chamberlain, and all but the 1999 Form 10-KSB were also signed by defendant Brown. These seven annual reports listed the company's executive officers, but did not identify Prince as an executive officer or otherwise, nor did these seven annual reports make any of the required disclosures concerning Prince's role, experience, or legal background. Defendants Chamberlain and Brown worked closely with Prince at Integral Systems and were familiar with his duties and the scope of his authority at the company. Each of the defendants were concerned that disclosing the Prince's true role and scope of authority would negatively impact the company's stock price. All of the defendants knew, or were reckless in not knowing, that these annual reports omitted the required information and disclosures concerning Prince.

33.     The federal securities laws also provide that a public company must identify in its annual reports any individuals required to disclose their holdings and transactions in the company's securities, but who have failed to file such reports on a timely basis. Until August 2006, when the

11

company finally identified Prince as an executive officer, Prince did not file any of the required

reports concerning his holdings and transactions in Integral Systems securities. None of the seven

Integral Systems annual reports filed between 1999 and December 2005, each of which were

reviewed by all defendants and signed by both defendants Chamberlain and Brown (except for the

1999 Form-10KSB which was signed by defendant Chamberlain alone), disclosed that Prince had

failed to timely file these reports. All of the defendants knew, or were reckless in not knowing, that

these annual reports omitted the required disclosures concerning Prince's failures to timely file the

required reports concerning his holdings and transactions in the company's equity securities.

34.     In each of Integral Systems's fiscal year 2002 through 2005 annual reports filed with

the Commission on Forms 10-K, defendants Chamberlain and Brown also certified that, among

other things, they had reviewed each of these reports, and, based on their knowledge, each of the

reports did not contain any untrue statement of material fact or omit to state a material fact

necessary to make the statements made, in light of the circumstances under which they were made,

not misleading. Defendants Chamberlain and Brown knew, or were reckless in not knowing, that

these certifications were false, in that the annual reports did not identify defendant Prince or include

any of the required disclosures concerning Prince.

35.     From 2000 through mid-2006, Integral Systems filed seven proxy statements to give

notice of Integral Systems's annual meetings and to solicit for the election of directors. The

statements solicited proxy votes for Chamberlain, among others. The proxy statements listed

Integral Systems's executive officers and highly compensated persons who were "serving as

officers," and represented that certain officers had complied with the disclosure provisions

regarding their stock holdings and transactions. The proxy statements, however, made no mention

of Prince. The proxy statements also incorporated the company's annual filings from 1999 through 2005. Defendants Brown and Prince prepared, reviewed, and approved materials in these proxy statements, including the incorporated periodic reports, knowing, or reckless in not knowing, that these statements did not identify Prince or disclose any of the required information concerning him.

### Despite the Commission's 1997 Order, Defendant Prince Participates in the Preparation and Review of Integral Systems's Filings with the Commission

36. A Commission Order denying the privilege of appearing or practicing before the Commission attempts to ensure that individuals involved in fraudulent schemes do not participate in the preparation of financial and other information contained in public company filings made with the Commission.

37. After he was rehired in 1998, defendant Prince continued to perform accounting and financial disclosure duties for Integral Systems, even though he was subject to the 1997 Order denying him the privilege of appearing or practicing before the Commission.

38. During the relevant period, Prince's accounting duties included the training and support of the inexperienced CFOs who succeeded him in that position at Integral Systems. Defendant Prince consulted with Integral Systems's CFOs on accounting matters on a regular basis, proposing specific treatments of accounting issues and the making of accounting entries with respect to both the subsidiary units that he supervised and managed, and for the parent company, Integral Systems. After he was rehired, defendant Prince continued to possess and exercise access to the company's financial database in order to fulfill his duties at Integral Systems.

39. Prince's financial disclosure duties at Integral Systems subsequent to his rehiring included the drafting and preparation of the Management Discussion and Analysis ("MD&A") section of Integral Systems's periodic reports filed with the Commission. The MD&A sections

Prince drafted and prepared addressed, among other things, the company's financial results for that period. Defendant Prince also created and prepared internal quarterly financial results and forecasts which were incorporated into the company's financial disclosures contained in its periodic reports filed with the Commission. Defendant Prince also reviewed, commented on, and approved Integral Systems's draft annual reports, including the financial results reflected in those filings. These annual reports were incorporated into the company's proxy statements filed with the Commission.

## FIRST CLAIM FOR RELIEF

### Defendants Violated Section 17(a) of the Securities Act

40.     Paragraphs 1 through 39 are realleged and incorporated herein by reference.

41.     All defendants, directly or indirectly, knowingly, recklessly or negligently, in the offer or sale of securities, by use of the means or instruments of transportation or communication in interstate commerce, or by use of the mails, have each:  (a) employed devices, schemes, or artifices to defraud; (b) obtained money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in transactions, practices or courses of business which operated or would operate as a fraud or deceit upon purchasers of securities.

42.     By engaging in the conduct alleged above, the defendants each violated Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## SECOND CLAIM FOR RELIEF

### Defendants Violated Section 10(b) of the Exchange Act and Rule 10b-5

43.     Paragraphs 1 through 42 are realleged and incorporated herein by reference.

44.     All defendants, directly or indirectly, by use of the means or instruments of

interstate commerce, or of the mails, or of a facility of a national securities exchange, knowingly or recklessly, in connection with the purchase or sale of securities, have each: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of a material fact or omitted to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit on any person.

45.     By engaging in the conduct alleged above, the Defendants each violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

### THIRD CLAIM FOR RELIEF

**Defendants Aided and Abetted Integral Systems's Violations of
Exchange Act Section 13(a) and Exchange Act Rules 12b-20 and 13a-1**

46.     Paragraphs 1 through 45 are realleged and incorporated herein by reference.

47.     Section 13(a) of the Exchange Act and Exchange Act Rule 13a-1 require issuers of registered securities to file with the Commission factually accurate annual reports. Exchange Act Rule 12b-20 provides that, in addition to the information expressly required to be included in a statement or report, there shall be added such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

48.     As alleged above, Integral Systems filed with the Commission annual reports on Forms 10-K or 10-KSB for its fiscal years1999 through 2005, that were materially false and misleading or failed to include material information necessary to make the required statements in those reports, in light of the circumstances under which they were made, not misleading. Moreover,

these annual reports also failed to include, in addition to the information expressly required to be stated in such reports, such further material information as was necessary to make the statements made therein, in light of the circumstances in which they were made, not misleading. Integral Systems thereby violated Section 13(a) of the Exchange Act and Exchange Act Rules 13a-1 and 12b-20 [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20 and 240.13a-1].

49.     By engaging in the conduct described above, defendants Chamberlain, Brown, and Prince each knowingly provided substantial assistance to, and thereby aided and abetted Integral Systems's violations of Exchange Act Section 13(a) and Exchange Act Rules 12b-20 and 13a-1; therefore, each is liable pursuant to Section 20(e) of the Exchange Act [15 U.S.C. § 78t(e)].

### FOURTH CLAIM FOR RELIEF

**Defendants Chamberlain and Brown Violated Exchange Act Rule 13a-14**

50.     Paragraphs 1 through <u>49</u> are realleged and incorporated herein by reference.

51.     For Integral Systems's fiscal years 2002 through 2005, defendants Chamberlain and Brown certified in each of Integral Systems's annual reports filed with the Commission on Forms 10-K that, among other things, they had reviewed each of these reports, and, based on their knowledge, each of the reports did not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading.

52.     By engaging in the conduct described above, defendants Chamberlain and Brown each violated Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14].

16

### FIFTH CLAIM FOR RELIEF

**Defendant Chamberlain Violated, and Defendants Brown and Prince
Aided and Abetted Violations of, Exchange Act Section 14(a) and Rule 14a-9**

53.     Paragraphs 1 through 52 are realleged and incorporated herein by reference.

54.     Section 14(a) of the Exchange Act and Exchange Act Rule 14a-9 prohibit the

solicitation or use of one's name to solicit any proxy or consent or authorization containing any

untrue statement of material fact or omission of any material fact necessary in order to make the

statements therein not false or misleading.

55.     From at least March 2000 through at least March 2006, in connection with seven

proxy statements filed by Integral Systems, each of which listed Integral Systems's executive

officers and highly compensated persons who were "serving as officers," and represented that

certain officers had complied with the disclosure provisions regarding officers' stock holdings and

transactions, but omitted mention of Prince, Integral Systems solicited, and defendant Chamberlain

solicited or permitted the use of his name to solicit, proxies, consents, authorizations or notices of

meetings in respect of Integral Systems's securities which contained statements which were false

and misleading with respect to material facts or omitted to state material facts necessary in order to

make the statements therein not false or misleading.

56.     By reason of the foregoing, Integral Systems and defendant Chamberlain each

violated Section 14(a) of the Exchange Act and Rule 14a-9 thereunder [15 U.S.C. § 78n(a) and 17

C.F.R. § 240.14a-9].

57.     Defendants Brown and Prince prepared, reviewed, and approved materials in the

proxy statements, including the incorporated periodic reports, knowing that they did not identify

Prince or disclose any of the required information concerning him.  Consequently, defendants

Brown and Prince knowingly provided substantial assistance to, and thereby aided and abetted, Integral Systems's and Chamberlain's violations of Section 14 and Exchange Act Rule 14a-9; therefore, each is liable pursuant to Section 20(e) of the Exchange Act [15 U.S.C. § 78t(e)].

## SIXTH CLAIM FOR RELIEF

### Defendant Prince Violated Exchange Act Section 16(a) and Rule 16a-3

58.     Paragraphs 1 through 57 are realleged and incorporated herein by reference.

59.     Section 16(a) of the Exchange Act requires officers of public companies to timely file reports disclosing their holdings and transactions in company equity securities. Exchange Act Rule 16a-3 requires that initial statements of beneficial ownership be timely filed on Form 3, and that statements of changes in beneficial ownership be timely filed on Form 4.

60.     Defendant Prince failed to file any disclosure statements on Form 3 or on Form 4 from December 1998 though August 4, 2006, although he was an officer of Integral Systems for the purposes of the federal securities laws, he owned Integral Systems equity securities, and engaged in transactions in those securities during that time.

61.     By engaging in the foregoing conduct, defendant Prince violated Section 16(a) of the Exchange Act and Rule 16a-3 thereunder [15 U.S.C. § 78p(a) and 17 C.F.R. § 240.16a-3].

## SEVENTH CLAIM FOR RELIEF

### Defendant Prince Violated a Commission Order

62.     Paragraphs 1 through 61 are realleged and incorporated herein by reference.

63.     From 1998 through in or around December 2005, Prince appeared and/or practiced before the Commission by participating in the preparation of financial and other information

included in the periodic reports and proxy statements filed on behalf of Integral Systems with the Commission.

64.     By engaging in the foregoing conduct, defendant Prince violated the Commission Order Pursuant to Rule 102(e), dated June 24, 1997, *In the Matter of Gary A. Prince, CPA*, A.P. File No. 3-9338, permanently denying him the privilege of appearing or practicing before the Commission as an accountant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court enter a Final Judgment that:

### I.

Permanently restrains and enjoins each of defendants Chamberlain, Brown and Prince, and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with each of them, from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act and Rule 10b-5 thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], and from aiding and abetting violations of Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-1 thereunder [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20 and 240.13a-1].

### II.

Permanently restrains and enjoins each of defendants Chamberlain and Brown, and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with each of them, from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14].

### III.

Permanently restrains and enjoins defendant Chamberlain and each of his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, from violating Section 14(a) of the Exchange Act and Rule 14a-9 thereunder [15 U.S.C. § 78n(a) and 17 C.F.R. § 240.14a-9], and defendants Brown and Prince and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with each of them, from aiding and abetting violations of Section 14(a) of the Exchange Act and Rule 14a-9 thereunder [15 U.S.C. § 78n(a) and 17 C.F.R. § 240.14a-9].

### IV.

Permanently restrains and enjoins defendant Prince and each of his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, from violating Section 16(a) of the Exchange Act and Rule 16a-3 thereunder [15 U.S.C. § 78p(a) and 17 C.F.R. § 240.16a-3].

### V.

Permanently restrains and enjoins defendant Prince and each of his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, from violating the Commission Order Pursuant to Rule 102(e), dated June 24, 1997, In the Matter of Gary A. Prince, CPA, A.P. File No. 3-9338, by appearing or practicing before the Commission as an accountant.

## VI.

Orders each of defendants Chamberlain, Brown and Prince to pay a civil penalty under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

## VII.

Permanently bars each of defendants Chamberlain, Brown and Prince from serving as an officer or director of a publicly-held company, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)].

## VIII.

Grants such other relief as this Court may deem just and appropriate.

Dated:   July 30, 2009
       Washington, D.C.

Respectfully submitted,

Arthur S. Lowry
Attorney for Plaintiff
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-4030
Tel. (202) 551-4918
Fax: (202) 772-9245
E-mail: lowrya@sec.gov

Of Counsel:

Fredric D. Firestone
Gerald W. Hodgkins
Moira T. Roberts
Jose M. Rodriguez

21