UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------x
UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

          Plaintiff,

    v.

ELAINE M. BROWN and
GARY A. PRINCE,

          Defendants.
---------------------------------------------------------x

No. 1:09-CV-01423 (GK)

## DECLARATION OF C. EVAN STEWART IN SUPPORT OF DEFENDANT GARY A. PRINCE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

C. EVAN STEWART, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am a partner of the law firm Zuckerman Spaeder LLP and counsel to Defendant Gary A. Prince in this action. I submit this declaration in support of Mr. Prince's motion for partial summary judgment.

2. Mr. Prince moves for summary judgment on two claims interposed by Plaintiff, the United States Securities and Exchange Commission ("SEC" or "Commission"): (1) the Second Claim for Relief—that Mr. Prince engaged in conduct while employed at Integral Systems, Inc. ("ISI"), whereby he was a primary violator of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder; and (2) the Seventh Claim of Relief—that Mr. Prince violated a Rule 102(e) order entered against him by the SEC in 1997 by "appearing or practicing before the Commission as an accountant" while employed at ISI. To enforce its Seventh Claim for Relief prospectively, the Commission asks this Court permanently to restrain and enjoin Mr. Prince in the future from "appearing or practicing before the Commission as an accountant." Mr. Prince asks the Court to

reject the relief on the ground that there is no evidentiary basis in the record to satisfy the clear and unambiguous legal standard which applies to requests by the government for prospective permanent injunctive relief.

3. With respect to the Commission's Second Claim for Relief, Mr. Prince submits that, after years of documentary discovery and a host of depositions, there is a complete lack of evidentiary support for the notion that he acted as a "primary violator" of Section 10(b) of the Exchange Act and Rule 10b-5. As such, and unless the Commission can point to *any* evidence to support such an assertion, the only issue before this Court is whether, consistent with existing jurisprudence (*i.e., Janus Capital Group Inc. v. First Derivative Traders*, 131 S.Ct. 2296, 2302 (2011), *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148 (2008), *Central Bank of Denver N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994)), there is any legal basis to prosecute further the Second Claim for Relief against Mr. Prince. We respectfully submit there is no legal basis to support such a further prosecution.

4. With respect to the Seventh Claim for Relief, Mr. Prince respectfully submits that the evidence is clear that he did not violate the 1997 Rule 102(e) bar order while he was employed by ISI. Some of the documentary evidence in support of that showing is set forth in and attached to the affidavit submitted herein by Mr. Prince. (*See* Affidavit of Defendant Gary A. Prince in Support of His Motion for Partial Summary Judgment ¶¶ 4, 7; Exs. A, B)

5. Attached to this declaration is additional evidence, in the form of deposition testimony in this case, which is indisputable (and went unchallenged during the depositions) that:

- All of the executives at ISI, the ISI Board of Directors, as well as the Venable law firm, knew about Mr. Prince's 1997 Rule 102(e) bar order.

- Mr. Prince's job responsibilities at ISI were structured—after consultation with the Venable law firm—to ensure that Mr. Prince would not violate the 1997 Rule 102(e) bar order.

- ISI's accounting department was electronically structured to ensure that Mr. Prince could not enter or alter **any** financial numbers, **any** financial information, or ISI's books and records in *any* fashion.

- That Mr. Prince had a role in drafting the MD&A section in ISI's public disclosures, and also provided textual comments on various filing with the SEC, was known to **everyone** at ISI, as well as to lawyers at the Venable law firm. **No one ever** suggested that those actions constituted a violation of the 1997 Rule 102(e) bar order.

- There is **no** evidence that Mr. Prince's actions in any way misled the investing public concerning ISI's financial performance or financial records in **any** way, shape, or form.

- When ISI's Board of Directors was reviewing Mr. Prince's status in August 2006 (with a view to naming him an executive officer), the Venable law firm opined at that Directors' meeting that Mr. Prince had not (and would not) run afoul of the 1997 Rule 102(e) bar order.

In support of each of the foregoing, indisputable representations to the Court, submitted herewith as Exhibits are excerpts from the depositions of: (i) Dominic Laiti, outside Director of ISI (Ex. A); (ii) Doss McComas, an outside Director of ISI (Ex. B); (iii) Bonnie Wachtel, outside Director of ISI (Ex. C); (iv) William Leimkuhler, outside Director of ISI (Ex. D); (v) Peter Gaffney, former Chief Executive Officer of ISI (Ex. E); (vi) Thomas Gough, former President of

ISI (Ex. F); (vii) Albert Alderete, an attorney and Contracts Manager at ISI (Ex. G); (viii) John Flaherty, a member of ISI's accounting department (Ex. H); (ix) Wallace Christner, lead disclosure counsel for ISI and a partner of the Venable law firm; (Ex. I); (x) James Dvorak, disclosure counsel for ISI and a partner of the Venable law firm (Ex. J); (xi) Geoff Garinther, counsel for ISI and a partner of the Venable law firm (Ex. K); (xii) John L. Sullivan, former partner of the Venable law firm who served as ISI engagement counsel (Ex. L); (xiii) Brian Dunn, counsel for ISI and a former associate of the Venable law firm (Ex. M); (xiv) Herb Smith, counsel for ISI and a former partner of the Venable law firm (Ex. N); and (xv) Treazure Johnson, counsel for ISI and a partner of the Venable law firm (Ex. O).

6. Expert reports and testimony have been submitted in this action with respect to whether Mr. Prince violated the SEC's 1997 Rule 102(e) bar order while employed at ISI. Expert reports and testimony in support of Mr. Prince's position that he did not violate the SEC's 1997 Rule 102(e) bar order have been supplied by Professor Jonathon R. Macey, the Sam Harris Professor of Corporate Law, Finance and Securities Law at the Yale Law School; Mr. Macey is also a Professor in the Yale School of Management. Professor Macey's original report of October 14, 2011 is submitted herewith as Exhibit P; Professor Macey's rebuttal report of November 14, 2011 is submitted herewith as Exhibit Q; and the transcript of Professor Macey's deposition is submitted herewith as Exhibit R.

7. Expert reports and testimony on behalf of the Commission's position that Mr. Prince violated the SEC's Rule 102(e) bar order were supplied By Lynn E. Turner, who served as Chief Accountant for the Commission from July 1998 to August 2001. Mr. Turner's original report of October 14, 2011 is submitted herewith as Exhibit S; Mr. Turner's rebuttal report of November

14, 2011 is submitted herewith as Exhibit T; and Mr. Turner's deposition transcript is submitted herewith as Exhibit U.

8. Although Mr. Prince is prepared for the Court to review the aforementioned expert materials and reach its own conclusion, and notwithstanding that Mr. Prince's accompanying memorandum of law demonstrates (i) that Professor Macey's analysis and conclusions went essentially unchallenged by the Commission and Mr. Turner (or certainly were not rebutted); (ii) that Professor Macey's critiques of Mr. Turner's analysis and conclusions indisputably went unchallenged and unrebutted; and (iii) that many of Mr. Turner's key indicia and conclusions are unsupportable as a matter of evidence, law, logic, or public policy, there are additional matters that call into question Mr. Turner's *bona fides* under Fed. R. of Evid. 702. Those matters include:

- Mr. Turner testified that he (and his two colleagues who assisted him) did not review all of the evidentiary record. (*See* Ex. U (Turner) 8, 92-112, 118-19, 186-213)

- Mr. Turner testified that he and his two colleagues did not review all the evidence cited by Professor Macey in support of his analysis and conclusions. (*See id.* at 186-213)

- Mr. Turner, in his deposition (as well as in his expert reports), opined on issues of fact. (*See id.*)

- Mr. Turner, in his deposition, opined on issues of credibility. (*See id.*)

- Mr. Turner, in his deposition, opined on legal issues. (*See id.* at 87-92)

- Mr. Turner, in his deposition, was sufficiently unfamiliar with Professor Macey's reports that he was unable to respond to Professor Macey's substantive criticisms of Mr. Turner's reports. (*See id.* at 162-66)

9. Irrespective of all of the foregoing -- which relates to Mr. Prince's conduct and activities during the time period relevant to this action, between 1998 and 2006 -- there can be *no* dispute that the evidentiary record is completely devoid of any evidence that Mr. Prince has engaged in any conduct or activities since 2006 which might constitute "appearing or practicing before the Commission as an accountant." Indeed, the record evidence on this score is unanimous. (*See* Ex. A (Laiti) 133; Ex. B (McComas) 167-69; Ex. C (Wachtel) 18; Ex. D (Leimkuhler) 18-19; Ex. E (Gaffney) 25-26; Ex. F (Gough) 26; Ex. G (Alderete) 125-26; Ex. H (Flaherty) 112-13; Ex. I (Christner) 294-95; Ex. J (Dvorak) 272; Ex. K (Garinther) 17-18; Ex. M (Dunn) 79; Ex. N (Smith) 13-20; Ex. O (Johnson) 151; Ex. R (Macey) 161-162) Even Mr. Turner has conceded the lack of evidence on this score. (*See* Ex. U (Turner) 20-21)

10. Moreover, each of the foregoing deponents (including Mr. Turner) has also acknowledged that there is *nothing* in the evidentiary record to support the notion that there is a "reasonable likelihood" that Mr. Prince will attempt to "appear or practice before the Commission as an accountant" at any point in the future. (*See id.*)

11. Finally, attached to this declaration are true and correct copies of the following deposition exhibits in this action: Dep. Exs. 7, 9, 12, 46, 72-80, 111, 153, 178-180, 182, 184, 195, 199-200, 202-203, 205, 207, 213, 215, 240, 242-243, 245, 249-250, 254, 256-259, 261-262, 283.

Dated: January 27, 2012
New York, New York

_____
C. Evan Stewart