UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

        v.        Civ. No. 09-1423 (GK)

ELAINE M. BROWN and GARY A. PRINCE,

        Defendants.
_____

**SEC'S MOTION FOR LEAVE TO FILE SUPPLEMENT EXPERT REPORT RESPONDING TO PRINCE'S SUPPLEMENTAL EXPERT REPORT**

The Securities and Exchange Commission ("Commission") requests leave to file a supplemental expert report responding to the new expert report submitted by defendant Gary Prince with his reply brief in support of summary judgment.[1] Prince's submission of this new report (in the form of a thirteen-page affidavit and seven-page summary table by Professor Jonathan Macey[2]) violates Rule 26(a)(2), ignores this Court's scheduling deadlines, and offers opinions beyond those in Macey's two earlier reports. Of course, the Commission had no opportunity to address these new opinions in its memorandum in opposition to summary judgment. Fundamental fairness requires that the Commission be permitted to file a supplemental statement responding to the new and untimely expert statement submitted with Prince's reply.

---

[1]   See Reply Affidavit Of Professor Jonathan R. Macey ("Macey Aff."), filed with the Reply Memorandum of Law In Further Support Of Defendant Gary A. Prince's Motion For Partial Summary Judgment ("Prince Reply"), dated March 23, 2012.

[2]  This Court has recognized that such expert declarations "are essentially supplemental expert witness statements." See Harris v. Koenig, 2011 WL 7102577 at *1 (D.D.C. 2011) (Kessler, J.).

**BACKGROUND**

A.   Deadline For Disclosure Of Expert Reports

On September 6, 2011, the Court ordered that initial expert disclosures pursuant to Rule 26(a)(2) be exchanged by October 14, 2011.  That order also required that rebuttal reports be exchanged by November 14, 2011, and all expert discovery be completed by December 16, 2011.  See Order of September 6, 2011.

On October 14, 2011, Prince and the Commission exchanged expert reports.  Prince's expert report was prepared by Professor Macey.

On November 14, 2011, Prince and the Commission exchanged rebuttal expert reports.  Prince's rebuttal was also prepared by Professor Macey.

On December 8, 2011, Professor Macey was deposed regarding the opinions he intended to offer, including the issues addressed in his initial and rebuttal reports.  Thereafter, Prince deposed the Commission's expert (Lynn Turner) and the period for expert discovery closed on December 16, 2011.

B.   In Opposing Summary Judgment, The Commission Submitted No New Expert Analysis

Prince moved for partial summary judgment on January 27, 2012.  With that motion Prince submitted complete copies of Macey's initial report and Macey's rebuttal report, as well as all of Macey's deposition testimony.  Prince also submitted the expert reports and deposition testimony of the Commission's expert, Lynn Turner.  As a result, all timely expert testimony and supporting exhibits were before the Court with the filing of Prince's summary judgment motion.

In opposing Prince's motion, the Commission did not submit any additional expert report or testimony.[3]

C.   Prince's New Expert Report, Submitted With His Reply Brief

Prince filed his reply brief on March 23, 2012 (Dkt. 110).  With that reply, Prince submitted a new 13-page report by Professor Macey (Dkt. 110-1), along with a 7-page summary table setting out Macey's analysis of approximately 40 documents (Dkt. 110-2).  See Macey Aff. and Attachment A thereto.  Prince did not seek or obtain the Court's approval to file this new expert witness statement.

In his supplemental report and accompanying summary table, Professor Macey opines on, inter alia, numerous statements made by Prince in draft financial disclosures, emails, and other documents that were not addressed in either of the reports submitted by Macey prior to the Court's deadline.  Macey offers judgments on a wide range of issues relating to these documents, including his interpretation of Prince's hand-written comments, his understanding as to Prince's intent in making the various comments, and his opinions regarding whether the comments indicate that Prince was practicing accounting.  See Macey Aff. at Attachment A (column titled "Macey Analysis of SEC Documents").[4]  Because Macey's new analysis was filed with a reply brief, after the Commission had submitted its opposition, the Commission has had no opportunity to respond to Macey's new opinions.

---

[3]   See SEC's Opposition To Gary Prince's Motion For Partial Summary Judgment ("SEC Opp. Br."), filed March 2, 2012.

[4]   Macey also devotes large segments of his supplemental report to attempting to rebut arguments made by the Commission in its opposition brief ("there are a number of propositions put forward by the SEC in its opposition papers which I feel the need to address").  See Macey Aff. at 3-8.

**ARGUMENT**

I.  **Prince's Submission Of A Third Expert Report Violates Rule 26(a)(2) And The Court's Scheduling Order**

Prince's submission of this additional report from Professor Macey violates Rule 26(a)(2) of the Federal Rules of Civil Procedure, which required that the expert reports submitted in conformity with the pretrial deadlines must include "all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered" and "any exhibits that will be used to summarize" the opinions. Nevertheless, the supplemental report and accompanying table now submitted on Prince's behalf contains numerous judgments, interpretations, and opinions not included in Macey's two earlier reports, clearly violating the language and intent of Rule 26(a)(2).

Prince has also ignored the Court's scheduling order. As noted, all initial expert disclosures were to be made by October 14, 2011, with rebuttal reports by November 14, 2011. No extensions were sought or granted. Now, four months after the last expert report was due, Prince has unilaterally submitted yet another expert report.

If Prince is allowed to have Macey offers these new opinions for the first time in connection with a reply brief, but the Commission is not permitted to submit a corresponding supplemental statement, the Commission will have had no opportunity whatsoever to respond to Macey's new opinions. This would reward defiance of the Court's scheduling order and defeat the fundamental purpose of Rule 26(a)(2). See Coles v. Perry, 217 F.R.D. 1, 4 (D.D.C. 2003) ("when the expert supplements . . . . [a] report by addressing new a new matter after discovery has ended, the very purpose of the rule is nullified").

## II. The Documents Addressed In Macey's Supplemental Report Could Have Been Addressed In His Two Earlier Expert Reports

Much of Professor Macey's supplemental declaration and accompanying summary table is devoted to opining on the significance of instructions given, figures provided, questions asked, and other statements made by Prince on draft versions of financial disclosures that were ultimately filed with the SEC, or in emails relating to those filings.  These documents were discussed in the Commission 's opposition brief because they vividly demonstrate that Prince directly participated in the preparation of numerous financial disclosures filed with the Commission.[5]  All such documents were produced to Prince long before Macey prepared his initial and rebuttal reports, and they could have been addressed in those earlier reports.  The fact that Macey decided to ignore most of them (whatever the litigation strategy behind that decision may have been) certainly does not entitle Prince to now submit an unauthorized third report, months after the Court's deadline and as part of a reply brief.

Prince makes much of the fact that some of the exhibits to the Commission's opposition brief were not used during the depositions or addressed in the earlier expert reports.  Prince implies that it was somehow improper for the Commission to rely on these documents in defending against Prince's motion for summary judgment, and suggests that summary judgment may be opposed only on the basis of deposition exhibits.  Prince's argument is groundless, for any admissible evidence can be considered in connection with a summary judgment motion.  See Rule 56(c); Gleklen v Democratic Congressional Campaign Committee, Inc., 199 F.3d 1365, 1369 (D.C. Cir. 2000).  In opposing summary judgment, the Commission has done exactly what it must do under Rule 56, i.e., it has identified admissible evidence that could support a finding

---

[5]   See SEC Opp. Br. at 5-13, 28-33.

in its favor at trial.  See S.E.C. v. Grendys, 2012 WL 12266 (D.D.C., January 4, 2012).  Certainly that does not entitle Prince to submit a new, unauthorized, and untimely expert statement.

Finally, Prince is simply wrong as a matter of fact with regard to the prior use of the documents at issue.  The majority of the documents referred to in Prince's new report and summary table were used as exhibits during the investigative testimony or the deposition testimony, and some were referred to in the earlier expert reports. [6]

In sum, there is no justification for Prince's submission of a new and untimely expert report with its reply brief, and it would be unfair and prejudicial if the Commission were not permitted an opportunity to respond.

## III. Relief Requested

The Commission should be granted leave to file a supplemental statement by its accounting expert, Lynn Turner, responding to the new statement by Prince's expert.  The Commission believes that this is the most appropriate remedy for Prince's violations of Rule 26(a)(2) and the scheduling deadlines, in part because the Court, which is the finder-of-fact in this non-jury case, has already been exposed to the opinions expressed by Professor Macey in his new report.

The anticipated supplemental report would address only the opinions set out in

---

[6]  The following exhibits submitted with the Commission's opposition were used as exhibits during the depositions, discussed in the earlier expert reports, or are portions of a deposition transcript: Exhibits A, C, D, E, I, Z, CC, DD, GG, II, and NN.  The following exhibits to the Commission's opposition were used during the investigative testimony and were provided to Prince at the outset of this litigation with that testimony: B, C, F (transcript), G (transcript), H, I, K, L, M, O, P, U, W, X, Y, Z, CC, DD, GG, II, LL, NN, PP, QQ, and RR.

Professor Macey's new report and can be submitted shortly after the Court grants leave.[7]

Counsel for defendant Gary Prince has stated that he does not consent to this motion or the relief requested by the Commission.

## **CONCLUSION**

Wherefore, the Commission requests leave to file a supplemental expert report responding to the new expert report filed by Prince with his reply brief. A proposed order accompanies this motion.

Respectfully submitted,

April 10, 2012

/s/ H. Michael Semler
Alan M. Lieberman
H. Michael Semler, DC Bar No. 162479
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5985
Tel: 202-551-4429 (Semler)
Email: semlerm@sec.gov
Attorneys for SEC

---

[7] If not permitted to file a supplemental report, the Commission requests that Prince's untimely and unauthorized supplemental report be stricken. See Harris v. Koenig, 2011 WL 7102577 at *1-2 (D.D.C. 2011) (Kessler, J.) (striking supplemental expert declarations); Iacangelo v. Georgetown Univ., 272 F.R.D. 233, 234 (D.D.C. 2011) (striking supplemental expert report); Coles v. Perry, 217 F.R.D. at 4 (striking supplemental expert report). The facts here are essentially the same as in Harris v. Koenig, 2011 WL 7102577, where the deadlines for expert reports and expert discovery had passed and the parties were addressing summary judgment. Without authorization, the plaintiffs in Harris submitted new expert declarations. This Court concluded that the declarations were "essentially supplemental expert witness statements" in violation of Rule 26(a)(2) and the scheduling order. Id. The Court also found that defendants were prejudiced by the untimely reports because they "never had a chance to depose the experts on this additional material, and above all never had a chance to either raise it, respond to it, or rebut it in their opening summary judgment briefs." Id. at *2. As a result, the Court granted the motion to strike.

Additionally, because Parts II and III of Prince's reply memorandum rely heavily on Macey's supplemental report and quote extensively from that report, if the Commission is not permitted to file a corresponding supplemental expert statement, Parts II and III of Prince's reply brief must also be stricken.

7

**CERTIFICATE OF SERVICE**

      I, H. Michael Semler, certify that on April 10, 2012, I caused true and correct copies of the foregoing SEC'S MOTION FOR LEAVE TO FILE SUPPLEMENT EXPERT REPORT REPONDING TO PRINCE'S SUPPLEMENTAL EXPERT REPORT to be filed with the Court via the ECF/CM filing system,which will serve the following by electronic mail:

| | |
|---|---|
| Evan Stewart | Thomas A. Hanusik |
| Shawn Naunton | Justin P. Murphy |
| Estewart@ Zuckerman.com | Thanusik@crowell.com |
| Snaunton@Zuckerman.com | Justin.Murphy@crowell.com |
| Zuckerman Spaeder LLP | Crowell & Moring LLP |
| 1185 Avenue of the Americas | 1001 Pennsylvania Avenue, N.W. |
| 31st Floor | Washington, D. C. 20004-2595 |
| New York, N.Y. 10036 | |

Dated: April 10 , 2012.              /s/ H. Michael Semler
Washington, D. C                 H. Michael Semler
                                         Securities and Exchange Commission
                                         100 F Street, NE
                                         Washington, DC 20549-5985
                                         Tel: 202-551-4429
                                         Fax: 202-772-9292
                                         Email: semlerm@sec.gov